IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCQUAL D. HIGHTOWER,

    **Plaintiff,**

    v.                              CASE NO. 17-3044-SAC-DJW

STATE OF KANSAS, YOLANDA COLLINS,
and FNU LNU SEDGWICK COUNTY
DISTRICT COURT CHILD SUPPORT JUDGE,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at the Sedgwick County Detention Center in Wichita, Kansas. Plaintiff filed a Complaint (Doc. 1), alleging the following. In 2009, Plaintiff was informed that he may possibly be the father of a child and that he would be notified for a paternity test. A paternity test was not administered at that time by "an authorized State of Kansas Health and/or licensed representative." Plaintiff was arrested for nonpayment of child support. Plaintiff filed a motion with the state court requesting a paternity test, but the judge informed him "it was too late." A year and a half later, Plaintiff again motioned for a paternity test and the judge denied the request. Plaintiff then had his own paternity test administered and it was "negative." He showed this test to the state court, to the child support office and to the child's mother—defendant Yolanda Collins. Plaintiff names as defendants the State of Kansas, the state court judge, and Yolanda Collins. Plaintiff challenges the state court judge's denial of his two motions for

1

paternity testing and Collins' actions in allowing him to go to jail and in allowing garnishment of his checks.

On July 25, 2017, Magistrate Judge Waxse entered a Notice and Order to Show Cause (Doc. 5) ("NOSC"), ordering Plaintiff to show cause why this matter should not be dismissed due to the deficiencies set forth in the NOSC. The NOSC found that the named defendants are either not persons or state actors under § 1983, or they enjoy immunity from suit. The Court must dismiss a case if it finds that the plaintiff is seeking monetary relief against a defendant "who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii); *see also* 28 U.S.C. § 1915A(b). The NOSC also found that Plaintiff's allegations undermining the validity of his confinement on state charges are barred absent a showing that the basis for his state confinement has been overturned or invalidated, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (2009); and to the extent Plaintiff seeks to undermine or invalidate any state charges that may remain pending against him, habeas corpus is the sole available remedy after first exhausting state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 476 – 77, 500 (1973). Furthermore, to the extent Plaintiff's state court proceedings are still pending, the abstention doctrine generally precludes action by this Court on Plaintiff's federal claims. *See Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff filed a Response (Doc. 6) to the NOSC. In his Response, Plaintiff provides additional factual allegations, but fails to cure the deficiencies set forth in the NOSC. The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 11th day of August, 2017.**


<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**